# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SPINEGUARD, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 20-10332 (JTD)<br><br>**Objection Deadline: July 15, 2021 at 4:00 pm (ET)**<br>**Hearing Date:  July 22, 2021 at 3:00 p.m. (ET)** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING DEBTOR'S DISCLOSURE STATEMENT; (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; AND (III) SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Disclosure Statement for Debtor's Plan of Reorganization (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") dated June 17, 2021; (ii) approving procedures for the solicitation of votes with respect to Debtor's Plan of Reorganization (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan"), dated June 16, 2021, including (a) approving solicitation packages and procedures for distribution thereof to the members of the voting classes under the Plan entitled to vote, (b) approving forms of ballots, (c) approving notice to the non-voting classes under the Plan, (d) establishing a voting deadline for the receipt of ballots, and (e) approving procedures for vote tabulation; and (iii) scheduling a

---

[1]  The last four digits of the Debtor's federal tax identification number are 3465.  The mailing address for the Debtor is 1434 Spruce Street, Suite 100, Boulder, Colorado 80302.

hearing to consider confirmation of the Plan and approving the form and manner of notice thereof.

The Disclosure Statement, a copy of which is attached hereto as **Exhibit B**, provides the Holders of Impaired Claims with "adequate information" as required by section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code") to make an informed decision whether to support or reject the Plan and therefore, should be approved.

## JURISDICTION

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents pursuant to Rule 9013-1(f) of the Bankruptcy Local Rules for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 1125, 1126, and 1128 of the Bankruptcy Code, Rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules.

## BACKGROUND

4.  On February 13, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, thereby commencing the instant chapter 11 case ("Chapter 11 Case").

5.  On June 16, 2021, Debtor filed its Plan and the Disclosure Statement.

**RELIEF REQUESTED**

6. Debtor seeks entry of the Order (i) approving the Disclosure Statement; (ii) approving procedures for the solicitation of votes with respect to the Plan, including (a) approving solicitation packages and procedures for distribution thereof to the members of the voting classes under the Plan entitled to vote, (b) approving forms of ballots, (c) approving notice to the non-voting classes under the Plan, (d) establishing a voting deadline for the receipt of ballots, and (e) approving procedures for vote tabulation; (iii) scheduling a hearing to consider confirmation of the Plan and approving the form and manner of notice thereof, and (iv) granting related relief.

7. To maximize value for the Debtor's stakeholders, including minimizing the costs and expenses to the Debtor that are attendant to the chapter 11 process, the Debtor proposes to confirm the Plan in a timely and efficient manner. Specifically, the Debtor proposes in this Motion the following Plan confirmation schedule:

| Event | Date |
| --- | --- |
| Disclosure Statement Objection Deadline | July __, 2021 |
| Disclosure Statement Hearing | July __, 2021 |
| Solicitation Date | July ___, 2021 |
| Voting Deadline | August ___, 2021 |
| Plan Objection Deadline | August ___, 2021 |
| Confirmation Hearing | August ___, 2021 |

**BASIS FOR RELIEF**

**I.   THE PROPOSED DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED.**

8. Pursuant to section 1125 of the Bankruptcy Code, the proponent of a plan must provide holders of impaired claims with "adequate information" regarding such plan when

soliciting votes to accept or reject such plan. Section 1125 of the Bankruptcy Code provides:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . ."

11 U.S.C. § 1125(a)(1).

9. A proponent's disclosure statement must, as a whole provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 321 (3rd Cir. 2003). "The primary purpose of a disclosure statement . . . is to give creditors the 'adequate information' necessary for them to decide whether to accept a proposed plan." *In re Monroe Well Service, Inc.* (Bankr. E.D. Pa. 1987) 80 B.R. 324, 330 *citing In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985). The adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties." *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of section 1125 we discern that adequate information will be determined by the facts and circumstances of each case.").

10. A bankruptcy court has broad discretion in examining the adequacy of the information contained in a disclosure statement. *Texas Extrusion Corp. v. Lockhead Corp.* (I*n re Texas Extrusion Corp.*), 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re Lower Bucks Hosp.*

(E.D. Pa. 2013) 488 B.R. 303, 317, *aff'd* (3d Cir. 2014) 571 Fed.App'x. 139 ("What constitutes adequate information' is determined on a case-by-case basis, with the ultimate determination within the discretion of the bankruptcy court."). Congress granted courts discretion in order to facilitate the effective reorganization of a debtor in the broad range of businesses in which Chapter 11 debtors engage and the broad range of circumstances that accompany Chapter 11 cases. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 408- 09 (1977) ("In reorganization cases, there is frequently great uncertainty.  Therefore, the need for flexibility is greatest."). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.

      11.     In that regard, courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

    (a)    the circumstances that gave rise to the filing of the bankruptcy petition;

    (b)    an explanation of the available assets and their value;

    (c)    the anticipated future of the debtor;

    (d)    the source of the information provided in the disclosure statement;

    (e)    a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

    (f)    the condition and performance of the debtor while in Chapter 11;

    (g)    information regarding claims against the estate;

    (h)    a liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7;

 (i) the accounting and valuation methods used to produce the financial information in the disclosure statement;

 (j) information regarding the future management of the debtor;

 (k) a summary of the plan of reorganization or liquidation;

 (l) an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

 (m) the collectability of any accounts receivable;

 (n) any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

 (o) information relevant to the risks being taken by the creditors and interest holders;

 (p) the actual or projected value that can be obtained from avoidable transfers;

 (q) the existence, likelihood and possible success of non-bankruptcy litigation;

 (r) the tax consequences of the plan; and

 (s) the relationship of the debtor with its affiliates, if any.

*See In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988). This list is not meant to be comprehensive. Neither must a debtor provide all the information on the list; rather, the court must decide what is appropriate in each case. *See In re Ferretti*, 128 B.R. 16, 18-19 (Banrk. D.N.H. 1991); *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (cautioning that "no one list of categories will apply in every case").

12. Here, the Debtor submits that the Disclosure Statement contains all or

substantially all of the information typically considered by bankruptcy courts and provides "adequate information" as required pursuant to section 1125 of the Bankruptcy Code, to enable a holder of impaired claims that are entitled to vote to accept or reject the Plan to make an informed judgment about the Plan. Specifically, the Disclosure Statement contains information with respect to the applicable subject matters listed above, including, but not limited to: (a) the Plan, (b) the operation of the Debtor's business, (c) the source of information provided, (d) claims against the Debtor's estate, (e) the Debtor's indebtedness, (f) significant events leading to the filing of the Chapter 11 Case, (g) the administration of the Debtor's estate following confirmation of the Plan, (h) risk factors attendant to the Plan, and (i) appropriate disclaimers.

## II.    THE PROPOSED SOLICITATION PROCEDURES SHOULD BE APPROVED

### A.    Distribution of Solicitation Packages and Notices

#### 1.    **Voting Classes**

13.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization. The materials include the plan, the disclosure statement as approved by the court, notice of the time when acceptances or rejections of the plan must be filed, and other information as the court may direct. These materials as well as a form of ballot (collectively, the "Solicitation Package") must be sent to all creditors and equity security holders entitled to vote on the plan of reorganization.

14.    Under the Plan, only the Holders of Allowed Claims in Class 1 (the Bondholders) are impaired and entitled to vote to accept or reject the Plan:

15.    The Debtor proposes to distribute by first class mail on or before the seventh (7th) day after entry of a Disclosure Statement Order (the "Solicitation Date") to each Holder of

Claims or Interests entitled to vote on the Plan, a Solicitation Package containing copies of the following:

      (a)    the notice of the time fixed for filing of objections and the hearing on confirmation, in substantially the form of **Exhibit C** attached hereto (the "Confirmation Hearing Notice");

      (b)    the Disclosure Statement (including the Plan) approved by the Court; and

      (c)    a ballot to accept or reject the Plan, in substantially the form of the appropriate ballot corresponding to the class under the Plan of the claimant or interest holder's claim or interest, as the case may be, set forth in **Exhibit D** attached hereto (each, a "Ballot").

16. The Debtor submits that the form and manner of distribution of the Solicitation Packages as described above are designed to provide Holders of Claims or Interests with adequate notice. Debtor therefore requests that the Court approve the proposed form and manner of notice to be used by the Debtor pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3017, and Bankruptcy Local Rule 3017-1.

### 2. Non-Voting Classes

17. The Holders of Claims or Interests in Classes 2 and 3 are unimpaired and are deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code. The Debtor proposes that the Holders of Claims or Interests in Classes 2 and 3 will be sent only a Confirmation Hearing Notice and the Disclosure Statement (including the Plan) approved by the Court (collectively a "Non-Voting Disclosure Package"), but not sent a Ballot.

18. The Debtor submits that the proposed notice and service procedures for the non-voting classes under the Plan are fair and reasonable, are designed to provide Holders of Claims

or Interests with adequate notice, and therefore requests that the Court approve such proposed notice and service procedures.

### 3. Other Interested Parties

19. Pursuant to Bankruptcy Rule 3017(a), the Debtor proposes that the Debtor distribute via first class mail, on or before the Solicitation Date, a copy of the Confirmation Hearing Notice, together with the Disclosure Statement (including the annexed Plan) approved by the Court, to: (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; and (iii) all parties that have filed a request for notice or service in this Chapter 11 Case pursuant to Bankruptcy Rule 2002.

### B. Forms of Ballot

20. Bankruptcy Rule 3017(d) requires the Debtor to provide a form of ballot, which substantially conforms to Official Form No. 314, only to "creditors and equity security holders entitled to vote on the plan." The Ballot is based on Official Form 314 and complies with Bankruptcy Rule 3018(c) but has been modified to address the particular aspects of this Chapter 11 Case and to include certain additional information that the Debtor believes is relevant and appropriate for each such class of claims and interests. The Debtor requests that the Court approve the form of the Ballots for Class 1 which is attached hereto as **Exhibit D**.

### C. Establishing Voting Deadline for Receipt of Ballots

21. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Debtor anticipates commencing the solicitation on or before the proposed Solicitation Date, which is not later than seven (7) days after the entry of the Disclosure Statement Order. Based on such schedule, the Debtor proposes that, in order to be

counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed and delivered to Debtor's bankruptcy counsel at Pachulski Stang Ziehl & Jones LLP ("Debtor's Counsel") so that it is actually received by Debtor's Counsel no later than 4:00 p.m. (prevailing Eastern Time) on the date that is twenty-eight (28) days after the Solicitation Date (the "Voting Deadline"). The Debtor submits that such solicitation period is a sufficient period within which creditors can make an informed decision whether to accept or reject the Plan.

### D.     Approval of Procedures for Vote Tabulation

22.    The Debtor seeks approval to utilize the procedure for vote tabulation described in the paragraphs that follow.

23.    For purposes of voting on the Plan, the Debtor proposes that the amount of a Claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

(a)    The Claim listed in the Schedules, provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed, (ii) such Claim has not been paid pursuant to order of the Court, and (iii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law);

(b)    The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection (or, if such claim has been resolved pursuant to a stipulation or order)

(c)    The amount allowed pursuant to the Plan.

(d)    The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules; or

(e)    With respect to Ballots cast by alleged creditors who have timely filed proofs of claim in wholly unliquidated, unknown or uncertain amounts that are not the subject of an objection filed before commencement of the Confirmation Hearing, such Ballots shall be counted in determining

whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and solely for voting purposes, such claims shall be deemed to be asserted in the amount of $1.00.

24. Except as otherwise provided herein, the Debtor proposes that any Ballot that is timely received, that contains sufficient information to permit identification of the claimant or interest holder and that is cast as an acceptance or rejection of the Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

25. The Debtor further proposes that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtor granted an extension of the Voting Deadline, in writing, with respect to such Ballot; (ii) any Ballot that is illegible in any material respect or contains insufficient information to permit the identification of the claimant, interest holder, or the claim or interest amount; (iii) any Ballot cast by a person or entity that does not hold a claim or interest in a class that is entitled to vote to accept or reject the Plan; (iv) any unsigned Ballot; and (v) any properly executed, timely received Ballot that partially rejects and partially accepts the Plan or that does not indicate an acceptance or rejection of the Plan. The Debtor requests that Debtor's counsel be authorized to, in its discretion, contact voters to cure any defects in the Ballots and be authorized to so cure any defects, provide that Debtor's counsel will contact each voter's counsel, when known.

26. Notwithstanding Bankruptcy Rule 3018(a), the Debtor proposes that whenever a creditor or interest holder casts more than one Ballot voting the same claim or interest before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent and thus, to supersede any prior Ballots, without prejudice to the Debtor's right to object to the validity of the second Ballot on any basis permitted by law, including under

Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first Ballot for all purposes. This procedure of counting the last Ballot is consistent with practice under various state and federal corporate and securities laws. Moreover, it will spare the Court and the Debtor the time and expense of responding to motions brought pursuant to Bankruptcy Rule 3018(a) attempting to show cause for changing votes.

27.  The Debtor further proposes that creditors or interest holders must vote all of their claims within a particular class under the Plan together either to accept or to reject the Plan and may not split their vote(s), and that any properly executed, timely received Ballot that partially rejects and partially accepts the Plan not be counted as a vote to accept or reject the Plan.

### III.  THE FOLLOWING NOTICE AND OBJECTION PROCEDURES REGARDING CONFIRMATION OF PLAN SHOULD BE APPROVED

#### A.  Setting Confirmation Hearing and Objection and Reply Deadlines

28.  Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." In accordance with Bankruptcy Rules 2002(b) and (d) and 3017(c) and in view of the Debtor's proposed solicitation schedule outline herein, the Debtor requests that the hearing to consider confirmation of the Plan (the "Confirmation Hearing") be scheduled for a date that is seven (7) days after the Voting Deadline, or as soon thereafter as is convenient to the Court, provided that the Confirmation Hearing may be continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open Court or as indicated in any notice of agenda or matters scheduled for hearing filed with the Court.

29.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." The Debtor requests that the Court

direct that objections to confirmation of the Plan ("Confirmation Objections"), if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection, (iv) be filed together with proof of service, with the Court, and (v) be served so that they are actually received by the following parties (collectively, the "Notice Parties"):

| Counsel for the Debtor | Counsel for the Bondholders |
|---|---|
| Hanson Bridgett LLP | Chipman Brown Cicero & Cole LLP |
| 1676 N. California Blvd., Suite 620 | 1313 N. Market Street, Suite 5400 |
| Walnut Creek, CA 94596 | Wilmington, DE 19801 |
| Attn: Neal L. Wolf, Esq. | Attn: William E. Chipman, Esq. |
| 415-995-5015 | 302-295-0193 |
| nwolf@hansonbridgett.com | chipman@chipmanbrown.com |

and-

Pachulski Stang Ziehl & Jones LLP
919 N. Market Street
17th Floor
Wilmington, DE 19801
Attn: Mary F. Caloway
302-778-6464
mcaloway@pszjlaw.com

United States Trustee:
Office of the United States Trustee
Region 3
844 King Street, Suite 2207
Wilmington, DE 19801
Attn: Linda J. Casey, Esq.
302-573-6539
Linda.casey@usdoj.gov

no later than 4:00 p.m. (prevailing Pacific Time) on the date that is not less than seven (7) days prior to the requested date of the Confirmation Hearing. The proposed timing for service of Confirmation Objections, if any, is consistent with the applicable notice requirements of Bankruptcy Rule 2002 and will afford the Debtor and other significant parties in interest sufficient time to consider any objections and file any responses (in accordance with the

following paragraph), while leaving the Court sufficient time to consider any such objections and responses before the Confirmation Hearing.

30. The Debtor requests that it be authorized to file and serve responses to any such Confirmation Objections no later than the date that is two (2) business days prior to the requested date of the Confirmation Hearing. The Debtor submits that the proposed schedule for the Confirmation Hearing will enable the Debtor to pursue consummation of the Plan in a timely fashion.

### B. Establishing Procedures for Notice of Confirmation Hearing

31. In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtor proposes to distribute by first class mail a copy of the Confirmation Hearing Notice, attached hereto as **Exhibit C** to all Holders of Claims or Interests. Debtor proposes that it distribute the Confirmation Hearing Notice to the respective Holders of Claims or Interests at the addresses provided to the Debtor by the respective Holders, or representative(s) of Holders, of such Claims or Interests, or their counsel, as the case may be, or in the alternative, at such address of record contained in the Debtor's books and records for such creditor or representative.

32. The Confirmation Hearing Notice sets forth: (i) the Voting Deadline; (ii) the time fixed for filing objections to confirmation of the Plan; (iii) the time, date and place for the Confirmation Hearing; (iv) the manner in which copies of the Plan and Disclosure Statement may be obtained; and (v) highlights certain Plan provisions in accordance with Bankruptcy Rule 2002(c)(3).

### NOTICE

33. A true and correct copy of this Motion, as well as the Notice filed concurrently therewith, will be given to: (i) the United States Trustee for the District of Delaware; (ii) counsel

to the Bondholders; and (iii) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice need be provided.

**RESERVATION OF RIGHTS**

34. Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim, (c) a promise or requirement to pay any particular claim; (d) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

WHEREFORE, the Debtor requests the Court enter an order substantially in the form attached hereto (i) approving the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code and the form and manner of the Disclosure Statement Hearing Notice; (ii) approving procedures for the solicitation of votes with respect to the Plan, including (a) approving solicitation packages and procedures for distribution thereof (including distribution by email), (b) approving forms of Ballots, (c) approving notices to the non-voting classes under the Plan (including notice by email), (d) establishing a voting deadline for the receipt of Ballots, and (e) approving procedures for vote tabulations; (iii) scheduling a hearing to consider confirmation of the Plan and approving the form and manner of notice thereof (including notice by email); and (iv) granting such other and further relief as this Court deems appropriate.

Dated: June 17, 2021

17117308.1

DOCS_DE:234959.1 80693/001

/s/ Mary F. Caloway (3059)
**PACHULSKI, STANG, ZIEHL & JONES LLC**
Mary F. Caloway (No. 3059)
919 North Market Street
17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: mcaloway@pszjlaw.com

-and-

**HANSON BRIDGETT LLP**
Neal Wolf (admitted *pro hac vice*)
Anthony Dutra (admitted *pro hac vice*)
1676 N. California Blvd.
Suite 620
Walnut Creek, CA 94596
Telephone:  (925) 764-8460
Facsimile:  (925) 746-8490
Email:  nwolf@hansonbridgett.com
          adutra@hansonbridgett.com

*Counsel to the Debtor and Debtor in Possession*

16

17117308.1

DOCS_DE:234959.1 80693/001