# Exhibit A

**Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SPINEGUARD, INC.,[1] | Case No. 20-10332 (JTD) |
| Debtor. | **Related to Docket No. ___** |

**ORDER (I) APPROVING DEBTOR'S DISCLOSURE STATEMENT; (II)
ESTABLISHING SOLICITATION AND VOTING PROCEDURES; AND (III)
SCHEDULING HEARING AND ESTABLISHING NOTICE AND OBJECTION
PROCEDURES WITH RESPECT TO CONFIRMATION OF DEBTOR'S PLAN OF
<u>REORGANIZATION</u>**

This matter coming before the Court on the *Disclosure Statement For Debtor's Chapter 11 Plan of Reorganization* (including all exhibits thereto and as may be amended, modified or supplemented in accordance with the terms therein, the "<u>Disclosure Statement</u>") [Docket No. ___] and the *Debtor's Motion for Entry of an Order (I) Approving Debtor's Disclosure Statement; (II) Establishing Solicitation and Voting Procedures; and (III) Scheduling Hearing and Establishing Notice and Objection Procedures with Respect to Confirmation of Debtor's Plan of Reorganization* [Docket No. ___] (the "<u>Motion</u>")[2] filed by the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"); and after considering objections to the Motion, if any; and upon the record and after due deliberation thereon; and the Court finding that proper and adequate notice of the hearing on approval of the Disclosure Statement and of the Motion has been given to all parties in interest, and no other or further notice or hearing being necessary;

---

[1]    The last four digits of the Debtor's federal tax identification number are 3465.  The mailing address for the Debtor is 1434 Spruce Street, Suite 100, Boulder, Colorado 80302.

[2]  Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY FOUND, ORDERED AND ADJUDGED as follows:

1.     The Motion is GRANTED as provided herein.

## Approval of Disclosure Statement

2.     The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code regarding the *Debtor's Chapter 11 Plan of Reorganization* [Docket No. ___] (including all exhibits thereto and as amended, modified or supplemented, the "Plan").  Therefore, the Disclosure Statement is approved pursuant to 11 U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017(b).

3.     All objections to the adequacy of the Disclosure Statement, if any, are, to the extent not consensually resolved as set forth herein, overruled in their entirety.

## Confirmation Hearing

4.     The hearing to consider confirmation of the Plan shall commence on _____, 2021, at _____ (Eastern Time) (the "Confirmation Hearing").  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

## Approval of Solicitation Packages

5.     The Debtor shall transmit, or cause to be transmitted, the Solicitation Packages, commencing no later than _____, 2021 (the "Solicitation Mailing") by first class,

United States mail (or by international courier if the addresses are not located in the United States), to (a) holders of Claims in Class1, the only class entitled to vote on the Plan (collectively, the "Voting Class").

6.      Pursuant to Bankruptcy Rule 3017(d), the Debtor is not required to transmit a Solicitation Package to the Non-Voting Classes. The Debtor shall transmit or cause to be transmitted no later than the Solicitation Mailing, by first class, United States mail (or by international courier if the addresses are not located in the United States), to each holder of a Claim or Equity Interest in the Non-Voting Classes, at its address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), the Confirmation Hearing and the Disclosure Statement (including the Plan) (the "Non-Voting Class Notice").

### Approval of Form and Manner of Notice of the Confirmation Hearing

7.      The Confirmation Hearing Notice, in substantially the form attached to the Motion as Exhibit C, is approved.   In addition to the service described above, the Debtor shall serve the Confirmation Hearing Notice upon (a) the Securities & Exchange Commission; (b) the Internal Revenue Service; (c) the Office of the United States Trustee; (d) all known creditors, equity holders, and parties in interest; and (e) those parties that have requested service under Bankruptcy Rule 2002.

### Record Date and Approval of Procedures for Distribution of Solicitation Packages

8.      The record date shall be the first date of the hearing on this Motion (the "Record Date") for purposes of determining which parties are entitled to receive the Solicitation Packages or the Non-Voting Class Notice and, where applicable, vote on the Plan.

9.      Debtor's counsel, Pachulski Stang Ziehl & Jones LLP shall serve as solicitation agent (the "<u>Solicitation Agent</u>"), and shall serve the Solicitation Package and notices regarding the Confirmation Hearing, inspect, monitor and supervise the solicitation process, serve as the tabulator of the ballots and certify to the Court the results of the balloting.

10.     The Debtor and/or the Solicitation Agent, as applicable, are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Class Notices to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service or courier.  The Debtor and/or the Solicitation Agent are further relieved of any obligation to attempt to locate the correct address and resend prior to the Voting Deadline the Solicitation Packages or the Non-Voting Class Notice that are returned as undeliverable.  To the extent any Solicitation Packages are returned as undeliverable and are re-sent, the initial mailing date shall be the date of service for the purpose of calculating notice.

11.     In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service of the Solicitation Package, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used to reflect the mailing address of the creditor on the official register of Claims against or Equity Interests in the Debtor.

**<u>Approval of Form of Ballot</u>**

12.     The Class 1 Ballot, substantially in the form attached to the Motion as Exhibit D, is approved.

**Deadline for Receipt of Ballots**

13.     Unless extended by the Debtor or its counsel in writing, Ballots accepting

or rejecting the Plan must be <u>received</u> on or before_____, 2021, at 5:00 p.m. (Prevailing Eastern

Time) (the "<u>Voting Deadline</u>"), to the Solicitation Agent at the following address:

**Pachulski Stang Ziehl & Jones LLP**
**919 North Market Street, 17th Floor**
**Wilmington, Delaware 19801**
**Attn: Mary F. Caloway**

14.     Ballots received via facsimile, electronic mail or other electronic

transmission will not be counted unless approved by the Debtor.

**Procedures for Vote Tabulation**

15.     Votes may not be changed after the Voting Deadline unless the Court, for

cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a).

16.     Ballots must be properly executed and counted.  Any Ballot that is

illegible or contains insufficient information to permit the identification of the holder of a Claim

in Class 1.

17.     The following tabulation procedures are approved solely for purposes of

voting on the Plan (collectively, the "<u>Voting Procedures</u>"):[3]

> a.      If an objection has not been filed to a Claim, the amount of such
>         Claim for voting purposes shall be the non-contingent, liquidated
>         and undisputed Claim amount contained on a timely filed Proof of
>         Claim or, if no timely filed Proof of Claim has been filed by the
>         Voting Deadline, the amount of such Claim for voting purposes
>         shall be the non-contingent, liquidated and undisputed amount of

---

[3] All references to "Claim" in the Voting and Tabulation Procedures shall been deemed to also refer to Equity Interests, as applicable.

such Claim listed in the Debtor's Schedules of Assets and Liabilities;

b.     If a Claim for which a Proof of Claim has been timely filed is wholly contingent, unliquidated or disputed, undetermined or unknown in amount, such claim shall be temporarily allowed in the amount of $1.00 for voting purposes only, but not for purposes of allowance or distribution;

c.     If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

d.     Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

e.     If a Claim is the subject of an amended Proof of Claim, the originally filed Proof of Claim shall be deemed superseded by the later filed amended Proof of Claim, regardless of whether or not the Debtor has objected to such Claim, and only the amending Proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

f.     For purposes of the numerosity requirement of § 1126(c), a Creditor with multiple Claims in a particular Class may vote each of its Claims against the Debtos in such Class, but must vote all of such Claims either to accept the Plan or all of such Claims to reject the Plan, and each such vote to accept or reject the Plan shall be counted separately;

18.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots (collectively, together with the Voting Procedures, the "Voting and Tabulation Procedures"):

a.     Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtor in connection with the confirmation of the Plan;

b.     Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c.     Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d.     Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e.    Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.    The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

g.    Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court;

h.    If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

i.    If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

j.    The Debtor, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice.  Except as otherwise provided herein, the Debtor may reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

k.    Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots shall be determined by the Debtor, which determination shall be final and binding;

l.    If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

m.    Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

n.    Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.  Ballots

previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

o.  Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

p.  No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

q.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

r.  The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Equity Interest.

19.    If no Holder of a Claim or Equity Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Debtor may seek to have the Plan deemed accepted by the Holders of such Claims or Equity Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

20.    The Solicitation Agent shall file with the Bankruptcy Court, no later than three (3) business days prior to the Confirmation Hearing an affidavit regarding the results of the tabulation of the Ballots received on the Plan.

<u>**Deadline and Procedures for Filing Objections to Confirmation of the Plan and the Confirmation Brief**</u>

21.    All objections to confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801 together with proof of service, and shall (a) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtor' chapter 11 case, (b) state with

particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection, and (c) be served upon the following parties (the "Notice Parties") so as to be received on or before _____, 2021, at 5:00 p.m. (Eastern Time) (the "Plan Objection Deadline"): (a) counsel to the Debtor, (i) Pachulski Stang Ziehl & Jones LLP. 919 N. Market Street, 17th Floor, Wilmington, DE 19801 Attn: Mary F. Caloway (mcaloway@pszjlaw.com), and (ii) Hanson Bridgett LLP, 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596, Attn: Neal Wolf (nwolf@hansonbidgett.com); and (b) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn:  Linda Casey, (linda.casey@usdoj.gov).

22.     All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived and will not be considered by this Court.

23.     The Debtor may file on or before_____, 2021, a brief supporting confirmation of the Plan (including any supporting memoranda) and replying to any objections or responses.  The Debtor shall serve the brief on (a) on the parties that filed objections or responses to the Plan, (b) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn:  Linda Casey, (linda.casey@usdoj.gov), and (c) any party requesting special notice pursuant to Bankruptcy Rule 2002.

24.     Prior to mailing the Disclosure Statement, Solicitation Packages or the Non-Voting Class Notice, the Debtor may fill in any missing dates and other information, correct

any typographical errors and make such other non-material, non-substantive changes as it deems necessary.

26.     In the event of an inconsistency between the Plan, on the one hand, and the Disclosure Statement (or solicitation materials or procedures approved by this Order), on the other hand, the Plan shall control.

26.     The Debtor and the Solicitation Agent are authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

27.     This Court retains jurisdiction over any and all matters arising out of or related to the interpretation or implementation of this Order.